

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

11

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-6569

Re: Since the law does not set a
date for submitting transportation
reports to the State Department of
Education, is the State Superin-
tendent authorized to set such a
date on which the reports are due
in said office?

This replies to your request for an opinion dated
May 3, 1945, which reads as follows:

"You will recall that Article 6 of House Bill
176, Acts of the 48th Legislature, provides in part:

"'It shall be the duty of the State
Superintendent of Public Instruction, and
the Legislative Accountant, to take such
action and to make such rules and regula-
tions not inconsistent with the terms of
this Act as may be necessary to carry out
the provisions and intentions of this Act,
and for the best interest of the schools
for whose benefit the funds are appropriated.'

"You will recall also that Article 2657 empowers
the State Superintendent to issue regulations and inter-
pretations of the school law.

"Acting under these statutes and in cooperation
with the Legislative Accountant, we based the trans-
portation grants for the current term on the first six
months of the school term and set April 1, 1945, as the
deadline for getting the reports to this office. During
the fall we put out a Schoolman's Calendar and Guide
that called attention to the fact that April 1 was the

last day for filing transportation reports in the Equalization Division. On January 24, 1945, we furnished the necessary forms to the county super-intendents and sent a letter to the county super-intendents and principals and superintendents of the receiving schools of the state, pointing out again that the transportation reports should be sent in promptly after the close of the sixth month of the term and in no instance later than April 1.

"This question: Since the law does not set a date for submitting transportation reports to this office, are we not authorized to set such a date on which the reports are due in this office so that all reports can be audited and the money distributed before the close of the fiscal period?"

In addition to the above-quoted part of Article 6, the other provision of H. B. 176 or Chapter 373, Acts of the Forty-eighth Legislature, to be considered in answering your request is Section 1 of Article 9, which provides as follows:

". . . Final payment by warrant of the total amount allotted to any one school shall then be made not later than June 1, or as early as possible thereafter after the approval and upon the order of the State Superintendent of Public Instruction and the Legislative Accountant. . . ."

The Legislature did not provide a fixed date for the agencies receiving State aid to submit transportation reports to your office. The Legislature, however, did grant to your office and the Legislative Accountant the authority to make reasonable rules and regulations necessary to carry out the provisions of Chapter 373. The date June 1, as provided in Section 1 of Article 9, is directory. Before your department and the Legislative Accountant can attempt to comply with the provisions of the statute and make the final payment of the money allocated, you must have the reports from the various schools in time to allow your department and the Legislative Accountant to make an audit of the same so that the warrants can be issued, if possible, by June 1 of each year "or as early as possible thereafter." If your department and the Legislative Accountant cannot, under your authority to make rules and regulations, fix a date for the filing of the reports, it would be impossible for you to efficiently administer the provisions of Chapter 373. We do not believe that the Legislature intended to pass an unworkable law.

We are, therefore, of the opinion that your department, in co-operation with the Legislative Accountant, has the authority to promulgate a rule fixing a date for the various school authorities to file their transportation reports with your office. We are also of the opinion that April 1 of each year is a reasonable time to require the reports to be filed, since that date allows approximately sixty days for the auditing of the thousands of reports. Since June 1 is merely a directory date, we suggest that you also include in the rule a provision allowing reports to be filed after April 1 if good cause is shown for the delay of filing same.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Bob Long
Assistant

BL/JCP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN